UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GREG B.,

    Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations

    Defendant.

Case No. 2:18-cv-00296-TLF

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION TO DENY BENEFITS

Plaintiff appeals the Commissioner's denial of his application for disability insurance benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Commissioner's decision is reversed and remanded for further administrative proceedings.

## BACKGROUND

On April 24, 2014, plaintiff applied for disability insurance benefits under Title II of the Social Security Act. Dkt. 6, Administrative Record (AR) 18. He alleges his disability began on March 6, 2014. *Id.* The Commissioner denied the application on initial administrative review and on reconsideration. *Id.*

Following a hearing, an administrative law judge (ALJ) employed the Commissioner's

five-step sequential evaluation process to find that plaintiff could perform his past work as an electrical engineer at step four of that process, and therefore that he was not disabled. AR 18-36.

Plaintiff seeks reversal of the ALJ's decision and remand for an award of benefits.

STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless it is: (1) based on legal error; or (2) not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla," though "less than a preponderance" of the evidence. *Id.*; *Trevizo v. Berryhill*, 871 F.3d 664, 674-75 (9th Cir. 2017).

The ALJ is responsible for determining credibility and for resolving any conflicts or ambiguities in the record. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). If more than one rational interpretation can be drawn from the evidence, the Court must uphold the ALJ's interpretation. *Trevizo*, 871 F.3d at 674-75. That is, where the evidence is sufficient to support more than one outcome, the Court must uphold the decision the ALJ made. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports, and evidence that does not support the ALJ's conclusion. *Id.*

The Court may not affirm the ALJ's decision by locating a quantum of supporting evidence and ignoring non-supporting evidence. *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007). The Court also may not affirm for a reason upon which the ALJ did not rely. *Garrison*,

759 F.3d at 1010. Rather, only the reasons the ALJ identified are considered in the scope of the Court's review. *Id.*

## ISSUES FOR REVIEW

(1) Did the ALJ fail to offer specific and legitimate reasons for rejecting plaintiff's treating physician's opinion?

(2) Did the ALJ fail to offer clear and convincing reasons for discounting plaintiff's allegations concerning the severity and limiting effects of his impairments?

(3) Did the ALJ fail to o germane reasons for rejecting the observations of plaintiff's spouse?

## HOLDING

After carefully considering each of the issues plaintiff has raised, along with the ALJ's decision and the administrative record, the Court holds the ALJ erred in discounting plaintiff's allegations and in rejecting the testimony of plaintiff's spouse. Due to those errors, the ALJ's decision is reversed. But because serious doubts remain as to whether plaintiff is disabled, this matter is remanded for further administrative proceedings.

## DISCUSSION

I.  *Plaintiff's Treating Physician*

An ALJ may reject a treating physician's opinion that is contradicted by other medical opinion source evidence, by providing "specific and legitimate" reasons supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

In late January 2015, plaintiff's treating physician, Charles Warner, M.D., opined that plaintiff had a number of significant mental and physical work-related limitations. AR 824-31. The ALJ rejected that opinion because it was inconsistent with Dr. Warner's own findings and treatment records and the findings and opinion of examining psychologist, Leslie Picket, Ph.D. AR 35.

This is a specific and legitimate basis for rejecting medical opinion evidence, *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ may reject a treating physician's opinion if inadequately supported by objective medical findings or the record as a whole). Further, the record supports the ALJ's rejection of Dr. Warner's opinion on this basis. AR 728-32, 736-37, 802-09, 846-53. Accordingly, the ALJ did not err here.

II. *Plaintiff's Credibility*

The ALJ "engages in a two-step analysis" when assessing a claimant's credibility regarding subjective pain or symptom intensity. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). The ALJ first must determine whether there is objective medical evidence of a mental or physical impairment that "could reasonably be expected to produce the pain or other symptoms alleged." *Id.* If this test is met and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of his or her symptoms only by providing "specific, clear and convincing reasons" for doing so. *Id.*

"'General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.'" *Ghanim*, 763 F.3d at 1163 (quoting *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir.1995)). The ALJ may use "ordinary techniques of credibility evaluation," such as inconsistencies in the claimant's statements or between the claimant's statements and his or her conduct, any "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment," and whether the claimant has engaged in activities of daily living "inconsistent with the alleged symptoms." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citations omitted).

The credibility determination is not an examination of the claimant's overall "character." *Trevizo*, 871 F.3d at 678 n.5. Rather, it is an assessment of the claimant's testimony and other

statements that is "designed to 'evaluate the intensity and persistence'" of the claimant's symptoms. *Id.* (warning that the inquiry should not "delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness") (quoting and citing SSR 16-3p, 2017 WL 5180304).

Plaintiff alleges he is disabled because of continuing significant mental and physical deficits stemming from a stroke in July 2013. AR 26, 87-89. The ALJ gave several reasons for discounting plaintiff's allegations.

The ALJ found plaintiff's "benign examination findings" indicated his functioning had improved since his stroke rather than deteriorating as plaintiff claimed. AR 29-30. An ALJ may discount a claimant's testimony that is unsupported by the objective medical evidence. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

The ALJ is not free, though, to reject plaintiff's subjective complaints solely due to an absence of objective medical support in the record. *Id.* Because none of other reasons the ALJ offered are clear and convincing, this reason is not sufficient to uphold the ALJ's credibility determination.

The ALJ found plaintiff's "high activities of daily living, low level of routine treatment, and remote follow up care" suggested plaintiff "had returned to a high level of functioning." AR 30.

In terms of activities of daily living, the ALJ determined that plaintiff's medical clearance to drive in early August 2013, was "highly probative evidence" of the ability to function at to a "high level." *Id.* at 27, 348. But the mere ability to drive a car does not detract from a claimant's credibility as to his or her inability to work. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001).

The ALJ also pointed to plaintiff's October 2014 report that he could successfully complete all activities of daily living without restriction, including: making and maintaining appointments, running errands, paying bills, grocery shopping, managing his own medication, socializing with friends and extended family members, engaging in recreational activities, and cooking meals. AR 31, 805.

"Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination." *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014). An ALJ also may rely on a claimant's daily activities to discount the claimant's credibility if the claimant is able to spend a substantial part of his or her day engaged in activities that are transferable to a work setting. *Id.*

Other than this one report, the record consistently shows plaintiff had significant mental and physical difficulties performing activities of daily living.[1] AR 88-89, 95-99, 257-65, 287-99, 302. The record—including plaintiff's October 2014 report (*id.* at 805)—also fails to show he can perform the above activities of daily living at a frequency to the extent that those activities are transferrable to a work setting.

Indeed, many of the activities the ALJ focuses on are not the kind of activities that can be readily transferrable to a work setting. *Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities.").

---

[1] *See Popa v. Berryhill*, 872 F.3d 901, 906-07 (9th Cir. 2017) (noting that while an ALJ can consider inconsistent statements in assessing a claimant's credibility, "a single discrepancy" will not justify "the wholesale dismissal" of the claimant's testimony).

The ALJ further noted that plaintiff enjoyed working on computers and with electronics, reading, playing video games, going for long drives, and seeing new places, and that he liked museums and live theater. AR 31. The ALJ found "playing video games requires the ability to respond to instructions in order to navigate through the complexities of each level in order to achieve a specific goal," and that video games "typically require both situational and spatial awareness to avoid the hazards presented in the game." *Id.*

First, the fact that plaintiff *enjoys* certain activities says nothing about the nature of his involvement in those activities. Second, the record contains no evidence as to the nature of the games plaintiff plays, such as whether they involve multiple levels, require navigation through complexities, or demand situational and spatial awareness. AR 805. The ALJ's statements thus are purely speculative. Third, the record fails to show the frequency or extent of plaintiff's video game playing makes that activity transferrable to a work setting. *See* AR 89 (plaintiff testifying that he can use the computer for only 20 to 30 minutes at a time).

The ALJ also pointed to plaintiff's "low level of routine treatment" and "remote follow up care." AR 29-30. Yet the ALJ did not inquire as to whether plaintiff had any good reasons for not seeking greater or different treatment. *Id.* Social Security Ruling 96-7p, 1996 WL 374186, at *7; *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (an ALJ may not discount a claimant's credibility for not pursuing treatment if the claimant has a good reason for not doing so). Nor did the ALJ "examine the medical conditions and personal factors that bear" on whether plaintiff could "reasonably remedy" his impairment. AR 29-30; *Byrnes v. Shalala*, 60 F.3d 639, 641 (9th Cir. 1995).

Lastly, Leslie Pickett, Ph.D., who conducted a psychological evaluation of plaintiff in October 2014, stated that plaintiff "present[ed] with some symptoms and behaviors indicative of

malingering, specifically as it relates to inconsistencies in his self-report of impairment versus clinical observation of abilities, inconsistencies in his self-report to providers over time, etc." AR 808. The ALJ pointed to this statement as another basis for finding plaintiff to be less than fully credible.

Dr. Pickett does not specify what the inconsistencies in plaintiff's self-report are that she found indicate malingering. Nor is it clear that Dr. Pickett, a psychologist, is qualified to opine as to inconsistencies in plaintiff's "clinical" abilities—at least to the extent that those abilities refer physical functional capacity. And as just discussed regarding plaintiff's reported activities of daily living, the evidence overall is more suggestive of greater functional impairment than what plaintiff reported in October 2014.

Accordingly, the substantial evidence in the record does not support the ALJ's credibility determination.

II. *Plaintiff's Spouse*

The ALJ must consider lay witness testimony regarding a claimant's symptoms, unless the ALJ expressly rejects the testimony and gives reasons germane to that lay witness for doing so. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017).

Plaintiff's spouse both testified about and reported her observations of plaintiff's mental and physical symptoms and limitations. AR 95-99, 256-65. The ALJ noted these observations, finding them to be generally consistent with plaintiff's allegations, but gave them only "some" weight. AR 34-35.

The ALJ gave "greater weight to the overall medical evidence in the record." *Id.* The ALJ also found the observations of plaintiff's spouse reflected, "to some degree, her affection for" plaintiff. *Id.* Neither of these reasons are germane to plaintiff's spouse.

An ALJ may not reject lay witness testimony simply because it is not supported by the "overall medical evidence." *Diedrich*, 874 F.3d at 640. Nor is it proper to reject such testimony merely because of a close relationship between the lay witness and the claimant. *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009).

Accordingly, the ALJ's rejection of the statements plaintiff's spouse is also unsupported by substantial evidence.

IV.   *Remand for Further Administrative Proceedings*

Plaintiff seeks reversal and remand for an award of benefits. "The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Trevizo*, 871 F.3d at 682 (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)).

A direct award of benefits would be warranted if the following conditions are met: First, the record has been fully developed; second, there would be no useful purpose served by conducting further administrative proceedings; third, the ALJ's reasons for rejecting evidence (claimant's testimony or medical opinion) are not legally sufficient; fourth, if the evidence that was rejected by the ALJ were instead given full credit as being true, then the ALJ would be required on remand to find that the claimant is disabled; and fifth, the reviewing court has no serious doubts as to whether the claimant is disabled. *Leon v. Berryhill,* 880 F.3d 1041, 1045 (9th Cir. 2017) (amended January 25, 2018); *Revels,* 874 F.3d at 668.

If an ALJ makes an error and there is uncertainty and ambiguity in the record, the district court should remand to the agency for further proceedings. *Leon*, 880 F.3d at 1045 (quoting *Treichler v. Comm'r of Social Sec. Admin.,* 775 F.3d 1090, (9th Cir. 2014). If the district court concludes that additional proceedings can remedy the errors that occurred in the original hearing,

the case should be remanded for further consideration. *Revels*, 874 F.3d at 668.

A remand for further administrative proceedings rather than a direct award of benefits is warranted. Uncertainty and ambiguity exists in the record. The ALJ erred in assessing plaintiff's credibility and the lay witness evidence. As such, the ALJ's determination that plaintiff can perform his past work as an electrical engineer is not supported by substantial evidence. Yet it is far from clear that the medical evidence supports a finding of disability. Accordingly, additional proceedings are required.

## CONCLUSION

The Commissioner's decision to deny benefits is REVERSED, and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

Dated this 16th day of April, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge